In the Matter of the Application of HILDA LOCKWOOD O'BRIEN, as Beneficiary Named in Application for Death Benefit Executed by JOHN F. O'BRIEN, Deceased, Petitioner, against MORRIS S. TREMAINE, as Comptroller of the State of New York, Respondent, to Review the Determination of Said MORRIS S. TREMAINE, as Comptroller of the State of New York, Pursuant to Section 54, Subdivision 5, of Chapter 741 of the Laws of 1920, as Amended.

Supreme Court, Albany County, October 10, 1940.

*Heywood & Benedict* [*Royal E. T. Riggs, Elliot S. Benedict* and *W. L. L. Peltz* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig. of counsel], for the respondent.*

RUSSELL, J.   The petitioner is the widow of John F. O'Brien, who for many years was an Associate Judge of the Court of Appeals. Judge O'Brien on December 1, 1939, while serving as such Associate Judge, filed an application for service retirement with the State Employees' Retirement System of the State Comptroller's office, requesting retirement on January 1, 1940, and selecting Option No. 2 as the retirement basis and designating therein his wife, the petitioner, as the beneficiary to receive the benefit payable after his death.

There is no question as to the right of Judge O'Brien, at the time of the application, to retire under the law and to receive the benefits of the Retirement System granted by the statute upon an effective retirement.

The death of Judge O'Brien occurred on December 25, 1939, and the question is raised in this proceeding as to the rights of the petitioner, as the designated beneficiary in the application for membership in the system, and also as designated beneficiary in the application for service retirement by reason of the death of her husband upon that date.

The State Civil Service Law provides that any member sixty years of age or over may retire upon written application to the Comptroller, setting forth at what time, not less than thirty days subsequent to the execution and filing thereof, he desires to retire (§ 62, subd. 1); that upon discontinuance of State service, except by death or retirement, a member shall be paid the amount of the accumulated contributions standing to his credit, and if a member dies before retirement, or within the thirty-day period provided in section 68, his accumulated contributions shall be paid to his estate or to the person named by written designation filed with the State Comptroller (§ 61); no election of an optional benefit shall become effective in case a member dies within thirty days after the filing of the application for retirement allowance (§ 68).   These provisions of the statute are clear and definite and their language and purpose conclusively establish that a member of the system, to become entitled upon retirement to more than his accumulated contributions is required to survive, for thirty days, the date of the filing with the Comptroller of written application for retirement, and if such application be filed and the member fails to so survive that the benefits of the system are limited to the payment of accumulated contributions and the death benefit.

The requirement is explicit that a period of thirty days must elapse subsequent to the date of filing the application before any right to optional benefit accrues, and before the status of the member is changed to that of beneficiary under the system.

The imposition of this condition as an essential for effective retirement has been made by the Legislature and not by the courts and only the Legislature can change or modify it.

The petitioner contends that letters and events written and occurring prior to the thirty-day period before Judge O'Brien's death, evidence intention to retire and constitute a substantial compliance with the statute. Unfortunately, it is not the intention to retire, no matter how expressed, but the fact of filing written application therefor with the Comptroller for the period of thirty days before death, that makes retirement effective and confers upon the beneficiary designated therein the optional benefit selected.

The case of the petitioner is most appealing and if its disposition were within judicial discretion would justify wide and generous latitude in its exercise. The duty of its disposition is performed only with the highest regard for the value and distinguished service rendered in high judicial office by Judge O'Brien and of the debt of the State for such service, and with the regret that his untimely death has deprived his widow of the benefits which long and faithful service so justly deserved.

The respondent has not failed to perform a duty enjoined upon him by law and this application may be disposed of by the court to which made under article 78 of the Civil Practice Act.

Order may be entered denying the application so far as it seeks modification of the determination of the Comptroller for the payment of benefits in excess of the payment of the accumulated contributions standing to the credit of Judge O'Brien at the time of payment and the death benefit provided for by section 65-b of the Civil Service Law, without costs.